RA/2013R01003

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
JAN 29 2015
AT 8:30_____
WILLIAM T. WALSH, CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| | : | |
| v. | : | Criminal No. 15-____ |
| | : | |
| DEIDRA HARRISON | : | 18 U.S.C. § 981(a)(1)(C) |
| | : | 18 U.S.C. §§ 1791(a)(1), |
| | : | (b)(3), and (b)(4) |
| | : | 18 U.S.C. § 1951(a) |
| | : | 18 U.S.C. § 2 |
| | : | 28 U.S.C. § 2461(c) |

### INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### COUNT 1
(Conspiracy to Commit Extortion Under
Color of Official Right Affecting Interstate Commerce)

1. At all times relevant to Count 1 of this Indictment:

    a. Defendant DEIDRA HARRISON resided in Newark, New Jersey.

    b. Channel Lespinasse ("Lespinasse"), a co-conspirator who is not named as a defendant herein, was a Corrections Officer with the Essex County Correctional Facility ("Essex County Jail") in Newark, New Jersey.

    c. There was a cooperating witness ("CW-1") who was a federal pretrial detainee at the Essex County Jail.

    d. There was another individual who was a federal

pretrial detainee ("Individual 1") at the Essex County Jail.

    e.    There was an individual ("Individual 2") who was a relative of Individual 1.

    f.    The Essex County Jail was a facility in New Jersey that held federal pretrial detainees by direction of, or pursuant to, a contract or agreement with the United States Attorney General.

### The Conspiracy

2.    In or about November 2013, in Essex County, in the District of New Jersey, defendant

DEIDRA HARRISON

did knowingly and intentionally conspire and agree with Lespinasse and others to obstruct, delay, and affect interstate commerce by extortion under color of official right, by accepting corrupt payments that were paid and to be paid by another, with that person's consent, in exchange for Lespinasse's official action and assistance in violation of her official duties at the Essex County Jail as specific opportunities arose.

### Object of the Conspiracy

3.    The object of the conspiracy was for defendant DEIDRA HARRISON and Lespinasse to receive cash payments and contraband from individuals outside of the Essex County Jail and to then smuggle the contraband through Lespinasse to federal pretrial detainees and others inside the Essex County Jail.

### Manner and Means of the Conspiracy

4. It was part of the conspiracy that:

   a. Defendant DEIDRA HARRISON retrieved contraband, including marijuana and a cellular telephone manufactured outside of New Jersey, to be smuggled into the Essex County Jail by Lespinasse.

   b. Defendant DEIDRA HARRISON received cash payments in New Jersey in exchange for Lespinasse's assistance in smuggling contraband into the Essex County Jail.

   c. Defendant DEIDRA HARRISON delivered the cash payments and contraband to Lespinasse in New Jersey.

   d. Lespinasse agreed to smuggle and smuggled the contraband to inmates at the Essex County Jail, including CW-1 and Individual 1.

In violation of Title 18, United States Code, Section 1951(a).

## COUNT 2
### (Attempt to Obstruct, Delay, and Affect Commerce by Extortion Under Color of Official Right)

1. The allegations set forth in paragraph 1(a) to (c) of Count 1 of this Indictment are realleged and incorporated as if set forth herein.

2. On or about November 17, 2013, HARRISON met an undercover law enforcement officer ("UC-1") in Newark, New Jersey. During the meeting, HARRISON accepted a $1,000 cash payment and a cellular telephone that was manufactured outside of New Jersey from UC-1 for delivery to Lespinasse.

3. On or about November 20, 2013, Lespinasse delivered the cellular telephone to CW-1 inside the Essex County Jail.

4. On or about November 17, 2013, in Essex County, in the District of New Jersey, defendant

DEIDRA HARRISON

did knowingly and willfully attempt to obstruct, delay, and affect interstate commerce by extortion under color of official right, by accepting a $1,000 cash payment from UC-1, with UC-1's consent, in exchange for Lespinasse's official action and assistance in violation of her official duties at the Essex County Jail.

In violation of Title 18, United States Code, Section 1951(a) and Section 2.

## COUNT 3
### (Obstruct, Delay, and Affect Commerce by Extortion Under Color of Official Right)

1. The allegations set forth in paragraphs 1(a) and (b) and 1(d) and (e) of Count 1 of this Indictment are realleged and incorporated as if set forth herein.

2. On or about November 26, 2013, defendant DEIDRA HARRISON received a cash payment and a package of contraband, containing marijuana, from Individual 2. In exchange for the cash payment, Lespinasse was supposed to deliver the package of contraband to Individual 1 inside the Essex County Jail.

3. On or about November 26, 2013, in Essex County, in the District of New Jersey, defendant

DEIDRA HARRISON

did knowingly and willfully obstruct, delay, and affect interstate commerce by extortion under color of official right, by accepting a cash payment from Individual 2, with Individual 2's consent, in exchange for Lespinasse's official action and assistance in violation of her official duties at the Essex County Jail.

In violation of Title 18, United States Code, Section 1951(a) and Section 2.

## COUNT 4
### (Attempting to Provide Contraband to an Inmate in a Correctional Facility)

1.  The allegations set forth in paragraph 1(a) to (c) and (f) of Count 1 and paragraphs 2 and 3 of Count 2 of this Indictment are realleged and incorporated as if set forth herein.

2.  On or about November 17, 2013, in Essex County, in the District of New Jersey, defendant

### DEIDRA HARRISON

in violation of a statute and rule and order issued under a statute, did knowingly attempt to provide to an inmate at the Essex County Jail a prohibited object, namely a cellular telephone, as defined in Title 18, United States Code, Section 1791(d)(1)(F).

In violation of Title 18, United States Code, Sections 1791(a)(1) and (b)(4) and Section 2.

6

## COUNT 5
### (Attempting to Provide Contraband to an Inmate in a Correctional Facility)

1. The allegations set forth in paragraphs 1(a) and 1(d) to (f) of Count 1 and paragraph 2 of Count 3 of this Indictment are realleged and incorporated as if set forth herein.

2. On or about November 26, 2013, in Essex County, in the District of New Jersey, defendant

### DEIDRA HARRISON

in violation of a statute and rule and order issued under a statute, did knowingly attempt to provide to an inmate at the Essex County Jail a prohibited object, namely marijuana, as defined in Title 18, United States Code, Section 1791(d)(1)(B).

In violation of Title 18, United States Code, Sections 1791(a)(1) and (b)(3) and Section 2.

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1, 2 and 3 of this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. The United States hereby gives notice to defendant DEIDRA HARRISON, that upon conviction of the offenses charged in Counts 1, 2 and 3 of this Indictment, the United States will seek forfeiture in the amount of $1,500 in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which requires any person convicted of such offenses to forfeit any property constituting or derived from proceeds traceable to such offenses.

3. If any of the above-described forfeitable property, as a result of any act or omission of defendant DEIDRA HARRISON:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United

States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of defendant DEIDRA HARRISON up to the value of the forfeitable property described in paragraph 2 of the Forfeiture Allegation.

A TRUE BILL



*Paul J. Fishman/rah*

PAUL J. FISHMAN
UNITED STATES ATTORNEY

CASE NUMBER: 15-

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**DEIDRA HARRISON**

## INDICTMENT FOR

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. §§ 1791(a)(1), (b)(3), and (b)(4)
18 U.S.C. § 1951(a)
18 U.S.C. § 2
28 U.S.C. § 2461(c)



A True Bill

**PAUL J. FISHMAN**
*U.S. Attorney*
*Newark, New Jersey*

RAHUL AGARWAL
ROBERT FRAZER
*Assistant U.S. Attorneys*
(973) 297-4395
(973) 645-2897